■ TERESA CATALDO, Appellant, v ANTONIO CATALDO, Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered May 18, 1976, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Friedenberg, J.), dated December 2, 1987, as granted that branch of the defendant husband's motion which was for an order directing the sale of the marital residence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which sought an order directing the sale of the marital residence is denied.

The parties to this action were divorced by a judgment entered May 18, 1976. The judgment made no reference to the status of the marital residence. However, an amended separation agreement, which was incorporated into but not merged with the judgment of divorce, provided that the wife was to have exclusive occupancy of the marital residence "for so long as she remains unmarried". The agreement provided further that "In the event the wife remarries, the house shall immediately be placed on the market for sale. Upon the sale of the house after remarriage of the Wife, or upon an earlier sale should she desire to sell the house prior to remarriage, the net proceeds thereof shall be divided equally between the parties". Pursuant to the judgment of divorce, the court retained jurisdiction over the agreement "for the purpose of specifically enforcing such of the provisions of that agreement as are capable of specific enforcement, or, to the extent permitted by law, of making such further decree with respect to alimony, support, custody or visitation as it finds appropriate under the circumstances existing at the time application for that purpose is made to it, or both".

In 1978, the parties signed a second amendment to the separation agreement which, among other things, reiterated the husband's maintenance and support obligations and provided that after the passage of one year, either party could

seek a modification of the support provision based upon a change in circumstances. The second amendment also contained the following provision: "FOUR: Additionally, in mutual consideration for the above mentioned lump sum payment of One Thousand Five Hundred Dollars ($1,500.00) the husband and wife agree to amend their separation agreement and amendment to separation agreement, both dated October 6, 1975 to provide that said agreement will not survive and will merge into any subsequent judgment of divorce or Supreme Court or Family Court modification of such judgment of divorce and that this agreement or the prior separation agreement or amendment to separation shall not continue as an independent contractual obligation". In July of 1978, an order was issued modifying the judgment of divorce in accordance with the amendment to the separation agreement. That order also contained much of the substance of the above-quoted provision.

By order to show cause signed September 21, 1987, the husband sought, *inter alia,* the appointment of a receiver to sell the marital residence because, he alleged, he "desperately need[ed]" such sale, and it was unfair for his former wife to have possession of the only major asset of the marriage since the children were emancipated. In an order dated December 2, 1987, the court, *inter alia,* appointed a receiver to sell the marital residence, "the purpose for which exclusive occupancy was originally granted having expired". The wife appeals from this part of the order. We reverse the order insofar as appealed from.

Contrary to the husband's assertions on appeal, the separation agreement did not merge with the July 1978 order and was not affected by the Supreme Court proceeding commenced by the September 1987 order to show cause, as neither constitutes a *"subsequent* judgment of divorce or Supreme Court or Family Court modification of such judgment of divorce" as provided for under the second amendment of the separation agreement between the parties. Thus, the agreement remains "an independent contract binding on the parties" *(Merl v Merl,* 67 NY2d 359, 362). Furthermore, the separation agreement clearly provides that the wife is to have exclusive possession of the marital residence until she remarries. As there is nothing in the record to indicate that the wife has, in fact, remarried, the court erred in concluding that the sale of the marital residence was warranted because the purpose for which exclusive occupancy was originally awarded had expired. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.